IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 17 2025

JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

__Joey Lamont Brunson_____, Plaintiff

v.

__Nicole Vido, A.W._____,

__P. Scott, A.W._____,

__E. Walters, Warden_____,

__USP Florence High (BOP)_____, Defendant(s).

**Jury Trial requested:**
(please check one)
✓ Yes ___ No

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

A. **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Joey Lamont Brunson, P.O. Box 7000, Florence, CO 81226
(Name and complete mailing address)

Reg # 91646-071
(Telephone number and e-mail address)

B. **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Nicole Vido, A.W. 5880 State Hwy 67, Florence, CO 81226
(Name and complete mailing address)

719-784-5743
(Telephone number and e-mail address if known)

Defendant 2: P. Scott, A.W. 5880 State Hwy 67, Florence CO 81226
(Name and complete mailing address)

719-784-5743
(Telephone number and e-mail address if known)

Defendant 3: E. Walters, 5880 State Hwy 67, Florence CO 81226
(Name and complete mailing address)

719-784-5743
(Telephone number and e-mail address if known)

Defendant 4: USP Florence High Bureau of Prisons
(Name and complete mailing address)
5880 State Hwy 67, Florence, CO 81226

719-784-5743
(Telephone number and e-mail address if known)

2

## C.  JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

✓ Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

42 U.S.C. §1985(3), 42 U.S.C. §1997(e)

___ Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3

D. **STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: <u>Depriving of Property Interest Under 5th Amendment Due Process and violation of Civil Rights</u>

Supporting facts:

See attached Complaint

Attachment A.

E.  **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

I am seeking damages in the amount of $500.00 (U.S. Dollars) per day that my account was and is seized. And that the practice be stopped immediately at USP Florence and all BOP facilities in the region, or where it is occuring.

See Attachment A "Complaint"

F.  **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Joey Brunsm*
(Plaintiff's signature)

3-10-2025
(Date)

(Revised February 2022)

Inmate Joey Brunson  # 91646-071, at USP Florence states that The District Court and United States Attorney's office has jurisdiction over this case pursuant to 28 U.S.C.§§ 1331,1343 and 42 U.S.C. § 1985(3), DEPRIVING PERSONS OF RIGHTS OR PRIVILEGES, which states in part:

> " If two or more persons in any state or territory conspire...for the purpose of preventing or hindering the Constituted authorities of any State or territory from giving or securing to all persons within such state or territory the equal protection of the laws....or deprive of having exercise any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for recovery of damages, occassioned by such injury or deprivation against any one or more of the conspirators."

see also 42 U.S.C.§§ 1997a, 1997e.

## JURISDICTION OF THE COURT

The United States Supreme Court has held that the impairment of property rights, even absent the permanent physical deprivation of property, is often sufficient to trigger due process protections.

In a procedural due process case the deprivation by state action of Constitutionally protected interest in life, liberty and property is unconstitutional when deprivation of such interest is instituted without due process of law. The due process violation is complete at the moment an individual is deprived of a liberty or property interest without being afforded the requisite process under Fifth Amendment.

Inmates have a property interest in "funds" held in prison accounts. And accordingly, are entitled to due process with respect to ANY deprivation of money from their account. See Zinerman v. Burch, 494 U.S. 113, 125, 110 S.Ct. 975 (1990) and Burns v. Pa. Dept' of Corr., 544 F.3d 279, 284 (3rd cir. 2008).

page 1

## STATEMENT OF THE CLAIM

This action stems from Executive Staff conspirators at USP Florence High of Associate Wardens, Nicole Vido, P. Scott, Warden E. Walters and others, have conspired by abuse and deliberate misrepresentations of the Federal laws as proscribed in 28 C.F.R. §506.1 codified as Bureau Of Prisons (BOP) Policy Statement (P.S.) §4500.12, Chapter 8.2 and 8.8; to deprive inmates of security interest in property by seizing my inmate account in the amount of $12,599.99, without procedural due process of law under the Fifth Amendment of U.S. Constitution, and violation of B.O.P. P.S.§§1330.18, §3420 and §5720 codified as 28 C.F.R. §541.1.

The conspirators have caused an atypical significant hardship that has affected the execution of my sentence, creating a concrete injury by subjecting prisoner, Joey Lamont Brunson to a prison condition much different than ordinarily experienced by a large number of inmates serving sentences in customary fashion and inevitably affects the duration of the prisoner's sentence. I was sentenced to general population and therefore should receive rights and privileges afforded to such inmates who have not been given incident report or sanction.

## ARGUMENT

These actions of USP Executive staff, A.W. N. Vido, A.W. P. Scott and Warden E. Walters, have violated the Constitutional rights of prisoners, such as myself, Joey Brunson # 91646-071 under the Fifth Amendment Due Process Equal Protection Clause, Federal laws of the United States and thereby being officers of the United States, they do not quailify for " Immunity " to civil damages

page 2

because of the deliberate defiance and non-negligent cupable actions in depriving me of my liberty and security interest by " seizing my property " held in inmate account, without due process of law. See Porter v. Penn. Dept. of Corr., 974 F.3d 431, 449-50 (3rd cir. 2000) ("Prison officials not entitled to qualified immunity when violating prisoner's procedural due process rights.") See also, Wolff v. McDonnell, 418 U.S. 539, 558 (1974), and Wilkinson v. Austin, 545 U.S. 209, 220-24 (2005), holding (Due process prohibits government from infringing on prisoner's liberty interest without due process of law.); and Shinault v. Hawks, 782 F.3d 1053, 1058 (9th cir. 2015) (Due process requires pre-deprivation hearing prior to freezing significant amounts of prisoner's funds.)

In Debrew v. Alwood, 792 F.3d 118, 125 (D.C. cir. 2018), the Court held that " a prisoner has standing to raise Constitutional [ 5th Amendment ] claim because taking prisoner's money was concrete injury."

Futhermore, several circuit courts have held and reiterated the United States Supreme Court decisions, such as Wilkinson, to state that due process is violated when official acted knowingly, oppressively or abusively against prisoner's loss of property or suffers personal injury, by creating an atypical significant hardship by

(1) Subjecting prisoner to condition much different than ordinarily experienced by large number of inmates serving similar sentences in customary fashion and

(2) inevitably affects the duration of the prisoner's sentence.

The conspirators at U.S.P Florence, A.W.'s N. Vido and P. Scott were fully aware of the laws of the United States Constitution, and Bureau of Prisons Policy Statements of P.S.1330.18, 1040, 4500.12

page 3

chapter 8.2 and 8.8, and section 5720.09.

It is evident from the conspirators' Inmate "Bulletin" or "notice" to USP Florence inmates ( see Appendix A) which states:

> "Pursuant to Program Statement 4500.12, Trust Fund Deposit Manual, The warden may exercise discretion to limit services for inmates charged with Prohibited Acts and whenever it is determined to jeopardize the safety, security or orderly operation of the correctional facility...."

On page two it states:

> " Money received/sent from Outside Person linked to Multiple inmates; Email, Phone and Address on Multiple inmates accounts, excessive transactions over a short period of time...."

was cause to place inmates on Service Limitations and Encumber funds without due process of law. This proves the Executive Staff had a stated mission to deliberately punish inmates who violated prohibited acts, but also, then punished inmates who did not violate prohibited acts?

While Courts have recognized that prison administrators have a need to protect their discretion and flexibility, ( see Jones v. North Carolina Prisoner's Labor Union, Inc., 433 U.S. 119 (1977) ); The Supreme Court has made equally clear a second, countervailing principle: " Though his rights may be diminished by needs and exigencies of the institutional environment, a prisoner is not wholly stripped of Constitutional protections when imprisoned for a crime." See Wolff v. McDonnell, 418 U.S. 539, 555 (1974). There is no Iron Curtain Wolff, said " drawn between the Constitution and the prisoners of this country." Id at 555-56.

The Constitutional protections retained by prisoners include those afforded by the Due Process Clause against arbitrary deprivations of liberty. See Washington v. Harper, 494 U.S. 210, 221-22 (1990); see also Hatch v. D.C., 184 F.3d 846, 849 (D.C. cir. 1999)

page 4

( Procedural due process requires prisoners not to be subjected to arbitrary deprivations of liberty despite prison official's interest in discretion and flexibility.)

Thus, these violations of inmate **Brunson's** secured liberty and property interest under the Fifth Amendment protections cannot be engulfed under the blanket of "discretion and the safety, orderly operation of the institution " without inmates being given incident reports or receiving sanctions for violation of Bureau Policy.

Yet, and still I was deprived of security interest in my commissary account being froze and the liberty to use those funds for the ordinary privileged use and rights that other similarily situated inmates throughout the BOP enjoy; when they have not been sanctioned or charged or put under investigation for a code violation. BOP policy demands that inmate be placed in Special Housing Unit until investigation is ended.

As of record there is no BOP Code offense for inmates having shared contacts with another inmate on the outside! The whole ideology of that suggestion is bogus and absurd. Mainly because there is no crime in inmates knowing the same people, or calling, writing, sending money to or receiving money from the same " family , friends or other sources " as P.S. 4500.12 chapter 8.2 highlights.

Thus, the conspirators at USP Florence High caused a concrete injury to **Joey Brunson**, creating an atypical significant hardship by their administrative decisions that are out-of-sync with the text and plain language of the federal law under 28 C.F.R. §506.1 , P.S. 3420, 1330.18, 4500.12, and 5720.

The practice is arbitrary and unconstitutional.

page 5

Therefore, these actions of the Executive staff are not protected under "qualified immunity" from civil damages. To determine whether a government official is entitled to qualified immunity Courts consider whether:

(1) official violated federal statutory or constitutional right

(2) the unlawfulness of the conduct was " clearly established at the time",

(3) or both.

In inmate Brunson's case, A.W.'s N. Vido, P. Scott and Warden E. Walters, declared they " knew what the BOP policy said in §4500.12 " and operated deliberately under only one section of 4500.12 in chapter 8.8 by disregarding and blatantly rejecting chapter 8.2 under the guise of " warden's discretion ", without any explaination or due process to show how inmate or outside contact , money transactions or having a shared contact with another inmate jeopardized the " safe, orderly operation of the institution" or threat to the public at large or more importantly, violated BOP policy?

Government officials are held to an objective standard and are presumed to be aware of the laws governing their conduct. See B.O.P. P.S. §3420 EMPLOYEE CONDUCT.

Inmate Brunson has suffered from an atypical hardship by being denied "use" of his commissary account, without receiving a B.O.P. Code violation or Procedural Due Process; in the following ways:

1. The right to use commissary funds for buying food, stamps, hygiene, clothing, and sneakers from commissary;

2. The right to use funds to buy Trulincs for use of the Corrlincs E-mail system to contact family and friends,

page 6

purchase media, music and tablet apps;

3. The right to use commissary funds to order legal materials, buy books, buy copy cards, to print cases from the law computer to prepare legal documents, purchase typing materials, paper, legal envelopes or to hire attorneys and pay court fees for services; thus denying access to the courts;

4. The right to send money from commissary funds via BP-199 forms to buy gifts, school supplies for children, to support spouse or provide any type of financial assistance to family members or friends;

5. The right to use commissary funds to open bank accounts or save funds in pre-release account to prepare for release;

6. The right to use commissary funds to purchase vocational, recreational, leisure reading materials and religious books etc..

These undeserved hardships has caused significant stress on inmate _Brunson_, resulting in worry, stress, loss of sleep, loss of weight and lack of personal care. My family is also stressed because their hard earned monies sent to help me serve out my sentence is " seized " and not being used by me for the purpose sent; which was for me to not be HUNGRY OR BORROWING FOOD, HYGIENE OR CLOTHING from other inmates, (which is a BOP code violation). Money sent from outside sources is also to prevent me from doing "illegal" activities such as making hooch (wine), alcohol, selling illict drugs in prison or selling my body just for food or prison necessities.

The Bureau of Prisons is over crowded and institutional jobs are limited. I was recently "laid-off" from a prison job paying .40 cents an hour, because other inmates needed an opportunity to work and earn F.S.A. credits or income.

Lastly, to further show the abuse of the policy statement that A.W. Nicole Vido continues to abuse, is the fact I was taken off of encumberance on January 13th, 2025; a day before the decision from the Central Office in Washington, D.C. was made on January 14, 2025, inwhich they determined that my grievance was moot because my funds were released and they did not resolve the problem.

Shortly after the Central office's decision I was quickly placed back on a Investigation Hold of my account on February 5th 2025, apparently for making a payment to a Pen Pal service. That is insane and Not a threat to institutional security or the public for me doing legal inmate business, and paying for a penpal subscription becuase I'm lonely and want meet new people. This blantantly shows how the Executive staff and the B.O.P Regional Office is overstepping the Constitutional garuantees of the Fifth Amendment's right to Property Interest under the Equal protection Cluase and the Due Process Clause.

I should not be arbitrarily sanctioned without due process for having my Friends, family members and other sources of financial assistance "seized" and held for what the B.O.P. Policy statement CLEARLY AND PLAINLY SAYS IN THE TEXT OF P.S. 4500.12 section 8.2.

The executive staff/employees at U.S.P. Florence are in engaged in a illegal and unconstitutional practices violating my civil rights to my property. They all have continued to display their knowledge of the wrong doing and culpability in violation of my rights. My cousin sends money to me and other co-defendants on my case in different BOP institutions should not be a cause to " seize my funds " .

Page 8

CONCLUSION

I am requesting the Department of Justice Civil Rights Division investigate and file an injuction to stop this mass violation of prisoner rights against persons such as myself and from seizing my commissary funds without procedural due process of law. Violating my civil rights secured by the Fifth Amendment due process clause and equal protection clause.

Conspirators A.W. Vido and A.W. Scott have violated my security interest in my property, my liberty and conditions of confinement; that has affected the execution of my sentence that other prisoners are entitled to as a right every where in the B.O.P. except USP Florence High.

Under 18 U.S.C. §3626 (b)(3) an injuction is needed for protective relief necessary to correct a current and ongoing violation of a federal right. Therefore, due to the injury already created by the B.O.P. officials involved for violating my due process rights at U.S.P. Florence High, I am seeking damages under 28 U.S.C.§1331 ( BIVENS ACTION ) against A.W. N. Vido, A.W. P. Scott and Warden E. Walters, and others in the amount of $ 500.00 U.S. Dollars, per day, since the date of October 16, 2024, when my commissary account was unconstitutionally encumbered and seized.

Finally, If injuction is filed or Conspirators reverse their practice, suit is not moot and shall proceed for damages. SEE.. L.A. County v. Davis, 440 U.S. 625, 631, 99 S. Ct. 1379 (1979) " As a general Rule, voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e. does not make the case MOOT. "

page 9

Respectfully Submitted,

Name: x Joey Brunson
      Joey Lamont Brunson
Address: U.S.P. Florence High # 91646-071
         P.O. Box 7000
         Florence, CO 81226

Date: 3-10-2025

## CERTIFICATE OF SERVICE

I certify hereby that a copy of the foregoing pleading/document was mailed to:

Nicole Vido, A.W.

P. Scott, A.W.

E. Walters, Warden

U.S.P. Florence HIGH
5880 STATE HWY 67
Florence, CO 81226
(719) 784-5743

defendants or counsel for for defendants this 10th day of March, 2025, via U.S. Postal service by First class Mail.

Joey Lamont Brunson
Joey Lamont Brunson
USP Florence High 91646-071
P.O. Box 7000
Florence, CO 81226

Date: March, 10th, 2025